## Charles E. MCMANAMA, Plaintiff—Appellant,

v.

## Edward J. JONES; et al., Defendants—Appellees.

### No. 05–35972.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 *.

Filed Dec. 10, 2007.

Charles E. McManama, Estacada, OR, pro se.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

### MEMORANDUM **

Charles E. McManama appeals pro se from the district court's order sua sponte dismissing his 42 U.S.C. § 1983 action alleging that an attorney and a state court judge violated his constitutional rights in connection with a state court civil action instituted by McManama. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Arakaki v. Lingle,* 477 F.3d 1048, 1056 (9th Cir.2007) (dismissal for failure to state a claim); *Harvey v. Waldron,* 210 F.3d 1008, 1011 (9th Cir.2000) (judicial immunity), and we affirm.

The district court properly dismissed McManama's claims against Judge Jones

because a state court judge is absolutely immune from damages actions under 42 U.S.C. § 1983 for acts committed within the course of his official duties. *See Olsen v. Idaho State Bd. of Medicine,* 363 F.3d 916, 922–23 (9th Cir.2004); *see also Omar v. Sea–Land Service, Inc.,* 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua sponte under Fed. R.Civ.P. 12(b)(6) ... where the claimant cannot possibly win relief.").

The district court also properly dismissed McManama's claims against Bonaparte, a lawyer in private practice, because McManama failed to allege that Bonaparte was acting under color of state law. *See Simmons v. Sacramento County Sup. Ct.,* 318 F.3d 1156, 1161 (9th Cir.2003) (holding that plaintiff cannot sue opposing counsel under section 1983 "because he is a lawyer in private practice who was not acting under color of state law[.]").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

